THOMAS L. HEMPHILL and wife *et al* vs. CARLTON GILES.

Where a person had become tenant from year to year to a mortgagor, before the execution of the mortgage deed, in which three, four and five years had been given for the payment in equal instalments of the bonds secured by it, and afterwards had become the tenant of the mortgagor's right of redemption, *It was held*, that though four years had elapsed from the date of the mortgage, and no payment had been made on the bonds, yet the mortgagee could not recover the possession of the land from such tenant without giving him a reasonable notice to quit: and further that he was not bound to give him six months notice because of his attornment to a landlord other than a mortgagor.

This was a civil action brought to recover the possession of a certain tract of land, tried before Mitchell, Judge, at the last Fall Term of the Superior Court of Burke County.

The complaint and answer were in the usual form, and there was no dispute as to the parties.

The plaintiffs claimed under a mortgage in fee, executed by Wm. F. McKesson to their ancestor Jacob Harshaw, on the 5th day of February, 1867, and the deed was to be void upon the condition that certain bonds should be paid in three, four and five years in equal instalments.

It was admitted that no payments had been made on the bonds, though more than four years had elapsed before bringing the suit.

The defendant was introduced as a witness by the plaintiffs, and testified that he had entered into the possession of the land more than a year before the date of the mortgage ; that at the end of the first year he paid the rent to the said McKesson, and was told by him to remain on the land upon the same terms as he had been doing ; that after two or three years he became a tenant of the same land to one Charles F. McKesson and had paid him the rent; that he had never been ordered or notified to quit, and that he was still in possession.

Upon these facts His Honor charged the jury that the plain-tiffs were entitled to recover.

Verdict and judgment for plaintiffs, and an appeal by defendant.

*Folk, Busbee & Busbee* and *Armfield* for the defendant.

*Battle & Sons* for the plaintiffs contended :

1. That after the time when the money is to be paid on a mortgage, the mortagor is only a tenant at sufferance to the mortagee, and the latter may recover by action of the possession of the mortgaged premises without giving notice to quit, or making a demand for the possession. *Fuller* v. *Wadsworth*, 2 Ired. 263. *Williams* v. *Bennett*, 4 Ired. 122. *Weaver* v. *Belcher*, 3 East. 448. *Keetch* v. *Hall*, Dougl. 21.

2. The mortagee had a right to recover the possession of the land at least after the expiration of three years from the date of the mortgage, the mortagor having failed to pay the first instalment. *Roylance* v. *Lightfoot*, 8 Mees. & Wels. 559. *Rogers* v. *Grazebrook*. 8 Adol. & Ellis (N. S.) 895, (55 Eng. C. L. Rep. 895.) Coote on Mort. 339, 2 Cruise Dig. Tit Mort.

DICK, J. The defendant entered the premises in dispute, as a tenant from year to year of William F. McKesson, under a lease obtained before the execution of the mortgage under which the plaintiffs claim : and such tenant was entitled to six months notice to quit before the tenancy could be terminated. The plaintiffs took the estate subject to such incumbrance, and were bound by this fixed rule of law as to notice to quit.

The defendant after the execution of the mortgage held the land for several years as the tenant of Charles F. McKesson, a purchaser at execution sale of the legal right of redemption of the original lessor : and paid rent to such a new landlord.

33

This attornment deprived the defendant of the benefit of his original lease as to six months notice to quit.    As he entered the premises lawfully, and held possession for several years with the implied consent and acquiesence of both the legal and equitable owners, he was entitled to reasonable notice to quit before he could be deprived of such possession by a civil action.    1 Saund. Pl. 465. Chitty on Con. 102. Adams' Ej'ct 104. *Butner* v. *Chaffin*, Phil. 497, and the cases cited.

As this action was brought without giving reasonable notice to the defendant, it cannot be sustained.

There was error, and the action must be dismissed.

PER CURIAM.                          Judgment reversed.